Ronald L. Hudson, Sr.

v.

Virginia Employment
Commission

November 22, 2005

Case No. CH05-1272-4

BY JUDGE RANDALL G. JOHNSON

 This is an appeal from a decision of a hearing officer in Ronald L. Hudson, Sr.'s grievance of an employment action at the Virginia Employment Commission ("VEC"). At issue is whether VEC properly applied the provisions of Va. Code § 2.2-2903(B) and/or Executive Order 40, both of which deal with employment decisions involving veterans in, or applying to enter, the state's workforce. Because the court finds that the hearing officer generally reached the correct result, albeit for the wrong reason, his decision will be substantially affirmed.

 Virginia Code § 2.2-2903(B) provides as follows:

> In a manner consistent with federal and state law, if any veteran applies for employment with the Commonwealth that is not based on the passing of any examination, such veteran's military service shall be taken into consideration by the Commonwealth during the selection process, provided that such veteran meets all of the knowledge, skill, and ability requirements for the available position. Additional consideration shall also be given to veterans who have a service-connected disability rating fixed by the United States Veterans Administration.

Executive Order 40 was issued by Governor Mark Warner in 2002. It provides:

> I hereby direct all state agency heads to renew their commitment
> to veterans' preference in hiring.

Hudson is an honorably discharged veteran of the United States Army who has worked for VEC for approximately three years. He has a service-connected disability rating of 60%. In September 2004, he applied for the position of Chief of Tax. The interview panel appointed in connection with the selection rated Hudson "Moderate" and the successful candidate "Extensive." Under the relevant personnel rules, a "Moderate" rating means "[p]ossesses more than minimum level, but does not demonstrate 'extensive' level." A rating of "Extensive" means "[g]reatly exceeds minimum level requirements." The "Hiring Authority," that is, the person who actually made the selection, also rated Hudson as "Moderate" and the successful candidate as "Extensive."

With regard to Hudson's status as a veteran, the Hiring Authority testified before the hearing officer that she understood veteran's status to be a deciding factor only if the candidates were otherwise equal. According to the hearing officer, the Hiring Authority "did not evaluate Grievant's candidacy with the assumption that Grievant's veteran's status entitles him to preference in hiring as required by Executive Order 40," and that by so doing she "reversed the analysis." Hearing Officer Decision at 6. Continuing, the hearing officer said:

> [The Hiring Authority] should have given appropriate weight to Grievant's veteran's status prior to determining whether the candidates were otherwise equal or one was better than the other. By first determining whether the candidates were otherwise equal, the Hiring Authority did not give Grievant's veteran's status appropriate weight.

*Id.*

The hearing officer ordered VEC to repeat the selection process "beginning at the point where it failed to comply with Executive Order 40." *Id.* at 8. He also told the agency to "evaluate Grievant's veteran status so that his status serves as a practical advantage. After doing so, the Agency should compare Grievant's candidacy with the competing applicants to determine the best suited person for the Chief of Tax position." *Id.* It is from that decision that VEC appeals. As required by Statute, VEC requested and obtained approval of

the Director of the Department of Employment Dispute Resolution to file its appeal. *See* Va. Code § 2.2-3006(B).

It is Hudson's position, as well as the position of the Veterans of Foreign Wars, which was allowed to file a memorandum in support of Hudson as *amicus curiae,* that the hearing officer correctly interpreted Executive Order 40 as requiring VEC to give a preference to Hudson even though he and the successful candidate were not rated as equal by the interview panel and the Hiring Authority. It is VEC's position that the hearing officer's decision is flawed because he interpreted the executive order as giving Hudson something the statute does not. Specifically, VEC argues that while the statute provides only that a veteran's military service "shall be taken into consideration," the hearing officer interpreted the executive order as requiring VEC to give Hudson a preference. Alternatively, VEC argues that, if the hearing officer's interpretation of Executive Order 40 is correct and mandates something that the statute does not, it is not valid, since the governor has no authority to change the statute. While the court agrees with VEC that the hearing officer incorrectly interpreted the executive order, the court holds that a proper interpretation of § 2.2-2903(B) shows that VEC did not comply with the statute.

Hudson and the *amicus curiae* have provided the court with no authority for the governor to modify § 2.2-2903(B) by executive order. The court also has found none. The statute having been enacted by the legislature, the governor would have to have specific authority from the legislature to change it. No such authority exists. This is a moot point, however, since a proper interpretation of the executive order shows that no attempt to change the statute was made in the first place.

The headline, or caption, of § 2.2-2903 is "Grade or rating increase and other preferences for veterans." While headlines of code sections "are intended as mere catchwords to indicate the contents of the sections and do not constitute part of the act of the General Assembly," *see* Va. Code § 1-217, and while the word "preference" is not contained anywhere in the body of the statute, subsections A and B of the statute contain very real preferences for veterans. Subsection A requires state agencies to add points to a veteran's test score when a veteran applies for a state job that is based on the passing of a written examination. Subsection A of the Statute provides:

> In a manner consistent with federal and state law, if any veteran applies for employment with the Commonwealth that is based on the passing of any written examination, the veteran's grade or rating on such examination shall be increased by five percent. However, if the veteran has a service-connected disability rating

fixed by the United States Veterans Administration, his grade or rating shall be increased by ten percent on such written examination. Such increases shall apply only if the veteran passes such examination.

Subsection B requires state agencies to give consideration to a veteran's military service where no written test is involved. Although not as quantifiable as added points on a test, such consideration is still a preference since non-veterans have no military service for an agency to consider. When considered in that context, the governor's executive order is seen for what it is, a reaffirmation of the requirements of the statute and not an expansion or other modification of it. Contrary to the hearing officer's conclusion, the court holds that VEC did not properly apply the statute.

On page 5 of his decision, the hearing officer said the following:

The Agency took into consideration Grievant's veteran's status when making its selection decision. Grievant's status was considered as part of the screening process and by the Hiring Authority when she evaluated the relative merits of the candidates. Va. Code § 2.2-2903 does not require a specific weight to be given to a veteran's status; it merely require[s] an agency [to] consider that status. By considering Grievant's veteran's status, the Agency has satisfied the requirements of Va. Code § 2.2-2903.

The hearing officer then found that the agency did not comply with the requirements of Executive Order 40. As discussed above, however, the executive order does not, and cannot, contain any requirement that the statute does not contain. Thus, if VEC complied with the statute, it also complied with the executive order. VEC did not comply with the statute.

As noted above, the Hiring Authority testified that she understood veteran's status to be a deciding factor only if the candidates were otherwise equal. While the hearing officer found that the Hiring Authority considered Hudson's veteran's status "when she evaluated the relative merits of the candidates," Hearing Officer Decision at 5, her testimony makes it clear that her only consideration of that status was to conclude that it could not be considered since Hudson and the successful candidate were not otherwise equal. That is no consideration at all.

Virginia Code § 2.2-2903(B) requires that, when a veteran applies for state employment, an agency must give consideration to the veteran's military

service and, if applicable, any service-connected disability. The statute does not say that the veteran has to be otherwise equal to another candidate or that consideration of the veteran's military service and service-connected disability is to be given only as a deciding factor between otherwise equal candidates. Just as the only prerequisite to a veteran's receiving extra points on a written test under § 2.2-2903(A) is that the veteran pass the test, the only prerequisite to a veteran's receiving consideration under § 2.2-2903 is that the veteran "meet[] all of the knowledge, skill, and ability requirements for the available position." Hudson unquestionably meets those requirements. The Hiring Authority's concession that she did not consider his military service or service-connected disability because he was not otherwise equal to the successful candidate conclusively shows that she did not comply with the statute. The affected portion of the selection process must be repeated.

For the foregoing reasons, the court will affirm the decision of the hearing officer to the extent that his decision requires the Hiring Authority to consider Hudson's military service and service-connected disability before making her selection. Only after such consideration is given may the Hiring Authority decide which candidate should be selected. The court cannot tell the Hiring Authority how much weight to give to her consideration of Hudson's military service and service-connected disability since the statute does not quantify the consideration to be given. However, the court expects the Hiring Authority and all other persons involved in the selection process to act in good faith and to give more than "service" to the statute's requirements. The court also will not order VEC to evaluate Hudson's veteran's status "so that his status serves as a practical advantage," as the hearing officer did. Hearing Officer Decision at 8. Giving Hudson the consideration just outlined, in and of itself, constitutes such practical advantage.